UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――x
                                              :
DARRELL PURIFOY, *et al.*,                    :    No. 13 Civ. 937 (RJS)
                                              :    JOINT REVISED CASE MANAGEMENT
                    Plaintiffs,               :    PLAN AND SCHEDULING ORDER
                                              :
       -v-                                    :
                                              :
WALTER INVESTMENT                             :
MANAGEMENT CORPORATION, *et al.*,             :
                                              :
                    Defendants.               :
                                              :
―――――――――――――――――――――x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-11-13

RICHARD J. SULLIVAN, District Judge:

Pursuant to Rules 16-26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Case Management Plan and Scheduling Order.

1. All parties do not consent to disposition of this case by a Magistrate Judge, pursuant to 28 U.S.C. § 636(c).

2. This case is to be tried to a jury.

3. No additional parties may be joined except with leave of the Court, consistent with paragraph 5 below and the Federal Rules of Civil Procedure.

4. Pursuant to this Court's Order at the initial conference on May 8, 2013, Plaintiffs filed their First Amended Complaint on May 24, 2013. Defendants intend to file a motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). The parties propose the following briefing schedule on defendants' motion

    Defendants' motion to be filed and served no later than June 21, 2013;

    Plaintiffs' opposition to be filed and served no later than July 19, 2013;

    Defendants' reply to be filed and served no later than August 2, 2013.

5. Initial disclosures pursuant to Rule 26(a)(1) shall be completed no later than June 21, 2013.

6. Discovery may proceed consistent with the Court's discussion with counsel at the May 8, 2013 Initial Status Conference. (*See* Transcript at 26:5–14 (permitting discovery with respect to items (b)–(j) in the parties' April 5, 2013 status letter, as well as aggregate data relating to item (a)).) The parties are to conduct discovery

in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery as set forth in ¶ 9 below. The parties further agree as follows:

   a. Initial requests for production of documents shall not be served earlier than June 10, 2013.

   b. Interrogatories shall not be served earlier than June 10, 2013.

   c. Depositions shall be completed by December 31, 2013.

      i. Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded in writing to initial requests for document production.

      ii. There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

   d. Requests to Admit shall be served on or before November 1, 2013.

7. All *expert* disclosures, including reports, production of underlying documents, and depositions shall be completed pursuant to the following deadlines:

   a. Expert(s) of Plaintiff(s): April 8, 2014.

   b. Expert(s) of Defendant(s): April 8, 2014.

   c. Rebuttal expert disclosures shall be completed 30 days following exchange of initial expert disclosures.

8. All discovery shall be completed no later than June 6, 2014.

9. The Court will conduct a post-discovery conference on June 20, 2014 at 10:00 a.m.

10. If either party contemplates a motion, the post-discovery conference will function as a pre-motion conference. Pre-motion letters are to be submitted by June 6, 2014. Pursuant to Rule 2.A of the Court's Individual Practices, responses to pre-motion letters are to be submitted within three business days from the date of service of the initial pre-motion letter. Pre-motion letters and responses shall be submitted to the chambers' e-mail address at sullivannysdchambers@nysd.uscourts.gov.

11. If neither party contemplates a dispositive motion, the post-discovery conference will function as a pre-trial conference at which a trial date will be set.

12. Counsel for the parties do not request a settlement conference before a Magistrate Judge or the Southern District's Mediation program, and would instead prefer private mediation, but, if required to do so, request: [*Please check one. All counsel must meet for at least one hour to discuss settlement not later than two weeks following the close of fact discovery.*]

    a. __X__ Referral to a Magistrate Judge for settlement discussions. The Court will issue a referral for settlement after disposing of the contemplated motion to dismiss.

    b. _____ Referral to the Southern District's Mediation Program [*Note that all employment discrimination cases, except cases brought under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq., are designated for automatic referral to the Court's Alternative Dispute Resolution program of mediation. Accordingly, counsel in such cases should select 13(b) above.*]

13. Parties have conferred and their present best estimate of the length of trial is two (2) weeks. Defendants contend that it is premature to estimate the length of trial until the Court rules on plaintiffs' motion for class certification. In the event a class were certified, Defendants do not dispute that two weeks is a reasonable estimate at this time.

SO ORDERED.

DATED:   June 11, 2013
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE