# EXHIBIT "B"

| (1) Veil piercing cases cites by Defendants that are inapplicable to this matter: | |
|---|---|
| *Key Items, Inc. v. Ultimate Diamonds, Inc.*, 2010 WL 3291582, at * 9 (S.D.N.Y. 2010). | (plaintiff did not allege any facts suggesting that defendants used the corporate form to perpetrate a fraud or other tort, and New York law will not allow the corporate veil to be pierced in the absence of a showing that this control was used to commit wrong, fraud, or the breach of a legal duty, or a dishonest and unjust act in contravention of plaintiff's legal rights) |
| *Holzli v. DeLuca Enterprises*, 2012 WL 983693, at * 4 (D. N.J. 2012). | (plaintiffs merely plead veil piercing via a generic formula and did not plead facts to support their claim) |
| *Wrist Worldwide Trading GMBH v. MV Auto Banner*, 2011 WL 5414307, at * 6 (D. N.J. 2011). | (plaintiff simply parroted the alter ego factors alone, which is insufficient to satisfy the required pleading standards) |
| *J & J Sports Productions, Inc. v. Walia*, 2011 WL 902245, at * 4 (N.D. Cal. 2011). | (case deals with vicarious individual liability under federal statutes in the copyright context) |
| *J & J Sports Prod., Inc. v. Daley*, 2007 WL 7135707, at * 4 (E.D. N.Y. 2007). | (judgment vacated where both the evidence and logical inferences could not support individual liability) |

| (2) Unpersuasive precedent concerning LPI backdating: | |
|---|---|
| *Webb v. Chase Manhattan Mortgage Corp.*, 2008 WL 2230696 (S.D. Ohio May 28, 2008). | (the case was decided on *summary judgment* and not on a motion to dismiss) |
| *LaCroix v. U.S. Bank, N.A.*, 2012 WL 2357602 (D. Minn. June 20, 2012). | (the case turned on the plaintiff's failure to allege specific facts necessary to proceed under Connecticut law) |
| *Porch v. General Motors Acceptance Corp.*, 642 N.W.2d 473, 478-79 (Minn. Ct. App. 2002). | (the case involved a retail installment contract for an automobile purchase that permitted the creditor to buy retroactive insurance. |

| (3) Defendants cite a number of cases for the second proposition, but the cases are fact-specific and have no application to the facts of this force-placed insurance matter: | |
|---|---|
| *Three Keys, Ltd. v. Kennedy Funding, Inc.*, 28 So.3d 894, 897903 (Fla. 5th DCA 2009). | (contract's explicit terms stated parties should consult in an effort to determine a mutually acceptable course of action relating to disposition of certain property; the contract further provided, however, that if the parties could not agree on a mutually acceptable course of action, defendant had the contractual right to |

# EXHIBIT "B"

| | take the course of action determined by defendant in its sole discretion; provided further, however, the court stated that defendant's sole discretion was circumscribed with an element of reasonableness; plaintiff's failed to provide any evidence that the defendant acted unreasonably in exercising its discretion, prior to consultation, to liquidate a bankrupt real estate development; the ruling was the result of very specific facts and a poor evidentiary showing by plaintiff (the court said he presented no evidence of unreasonable behavior)) |
|---|---|
| *Sepe v. City of Safety Harbor*, 761 So.2d 1182, 1184-85 (Fla. 2d DCA 2000). | (auditor sued city for failing to pursue underpayments identified by audits, alleging a claim for breach of the covenant of good faith and fair dealing, but the city's contract with the auditor expressly provided that the city had sole discretion as to whether to pursue recovery of underpayments and could decline to do so if it concluded recovery pursuit was not a justifiable expense; the court found the city satisfied its good faith obligations under the implied covenant) |
| *Ernie Haire Ford, Inc. v. Ford Motor Co.*, 260 F.3d 1285, 1291-92 (11th Cir. 2001). | (appellee used its "its best judgment," as provided by contractual right, to forbid appellant's relocation of an auto dealership; court held its decision was neither capricious nor in contravention of the parties' reasonable expectations under the agreement) |

| (4) Cases cited by Defendants to support the argument that its exercise of contractual rights is not tempered by an implied covenant of good faith and fair dealing, which are inapplicable to this matter: | |
|---|---|
| *Feaz v. Wells Fargo Bank, N.A.*, 2012 WL 6680301, at * 8-9 (S.D. Ala. 2012). | This force-placed flood insurance case applied Alabama law, had different facts, and focused on the amount of LPI coverage put on the borrower's property, where the lender had an unqualified reservation of right in the mortgage agreement.  This decision is inapplicable to this case, as here we must apply Florida law, and the Defendants do not have an unqualified reservation of right – their right to place insurance is tempered by the language "reasonable or appropriate" where the mortgage agreement |

# EXHIBIT "B"

| | discusses protection of the lender's interest. (Am. Compl.. ¶ 25, Ex. 3, at 6, ¶ 9). Further, numerous courts have rejected the holding offered by *Feaz* decision, such as *Martorella*, below. |
|---|---|
| *contra, Martorella v. Deutsche Bank Nat. Trust Co.*, --- F.Supp.2d --- 2013 WL 1137514, * 6 (S.D. Fla. March 18, 2013); *accord Speedway SuperAm., LLC v. Tropic Enters., Inc.*, 966 So.2d 1, 3 (Fla. Dist. Ct. App.2007); *Publix Super Markets, Inc. v. Wilder Corp. of Del.*, 876 So.2d 652, 654–55 (Fla. Dist. Ct. App. 2004). | "[T]he covenant of good faith and fair dealing imposes a duty upon the party invested with discretion to act in a commercially reasonable manner that satisfies the reasonable expectations of the contracting parties." |

| | |
|---|---|
| (5) Defendants cite two cases where the courts found plaintiffs did not present any factual support for the allegations in their complaints; both cases, however, are obviously fact-specific and therefore distinguishable from this matter: | |
| *Lacroix*, 2012 WL 2357602. | (the case turned on the plaintiff's failure to allege specific facts necessary to proceed under Connecticut law) |
| *McKenzie v. Wells Fargo Home Mortg., Inc.*, 2012 WL 5372120, at *20-21 (N.D. Cal. October 30, 2012). | *See* Ex. B(13) herein for discussion. |

| | |
|---|---|
| (6) Inapplicable cases concerning unjust enrichment as an alternative pleading in breach of contract cases: | |
| *Webster v. Royal Caribbean Cruises, Ltd.*, 124 F.Supp.2d 1317, 1326–27 (S.D. Fla. 2000). | Defendant cites three other Florida cases, but two of these rely on *Webster*, where the court dismissed the plaintiff's claim for breach of contract due to improper venue. *Id.* at 1324. The Court also dismissed the claim for unjust enrichment. *Id.* at 1326. Unlike the situation presented here, however, the court found that the defendant admitted the existence of a contract and the availability of an adequate legal remedy. *Id* at 1326. The court stated "the theory of unjust enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy." *Id.* (citation omitted). |

# EXHIBIT "B"

| (7) Inapplicable case on the direct benefit issue: | |
|---|---|
| *Kunzelmann v. Wells Fargo Bank, N.A.*, 2013 WL 139913, at \*5-6 (S.D. of Fla. 2013). | Defendants also cite another inapplicable case — in support of the direct benefit issue.  Here, the court addressed class certification, not a motion to dismiss.  The court denied typicality in the matter because the plaintiff was found to have taken actions in regard to LPI that were atypical of the class, thereby subjecting plaintiff to a unique set of defense to his claim for unjust enrichment. |

| (8) Inapplicable case on direct benefit conferral: | |
|---|---|
| *Webb v. Chase Manhattan Mortg. Corp.*, 2007 WL 709335, at \*8 (S.D. Ohio, 2007). | The Defendants offer an Ohio case in support for their position that no direct benefit was conferred upon GTS –This case is inapplicable, as the motion to dismiss was decided against plaintiff due to deficient pleadings.  *See id.*  In short, the plaintiff in the matter had her unjust enrichment claim dismissed because her pleadings failed to allege anything which the defendants had unlawfully retained.  *Id.*  In fact, she did not even address defendant's dismissal arguments in her Memorandum in Opposition.  *Id* |

| (9) Case offered by Defendants to support LPI purchase and case that disagrees with it concerning an LPI scheme, in same district: | |
|---|---|
| *Gibson v. Chase Home Finance*, LLC, 2011 WL 6319401, at \*4-5 (M.D. Fla. 2011). | Plaintiff failed to survive a motion to dismiss because the complaint was "littered with conclusory accusations and legal claims" and failed to challenge the "reasonableness" of the amount of flood insurance that defendant purchased. |
| *contra Gordon v. Chase Home Finance*, Slip Copy, 2013 WL 256743 (M.D. Fla. January 23, 2013). | *Gibson* was <u>not</u> <u>persuasive</u> when the Middle District of Florida visited its next force-placed insurance.  The court acknowledged *Gibson*, which defendant cited, but refused to dismiss plaintiff's claims and stated "[T]his is not a simple case of a bank requiring property insurance ….  Rather, Plaintiffs focus on an elaborate, alleged kickback scheme implicated when the borrower fails to secure adequate flood insurance."  *Id.* at \*7.  These facts are |

# EXHIBIT "B"

| | identical to what Plaintiffs allege in the Am. Compl., which renders *Gibson* irrelevant to this matter. |
|---|---|

| (10) Defendants cite to this inapplicable case regarding argument against conversion: | |
|---|---|
| *Rosen v. Marlin*, 486 So.2d 623, 625 (Fla. 3d DCA 1986). | Although the case states the law as to contract claims vs. tort claims, it has no application to the facts here. *Rosen* involved co-owners of a joint bank account who both had signatory authority, and one party refused to pay funds determined due and owing to the other party pursuant to a partnership agreement. |

| (11) Cases Defendants cite to argue against fiduciary duty that are inapplicable: | |
|---|---|
| *Selman v. CitiMortgage, Inc.*, 2013 WL 838193, at *14 (S.D. Ala. 2013). | This Alabama case is irrelevant, as it applied Alabama law to find that the complaint did not allege facts showing that the converted money was specific and capable of identification. The present case is governed by Florida law, and as applied, Plaintiffs' funds in escrow are specific and capable of identification |
| *Cannon v. Wells Fargo Bank*, 2013 WL 764964, *18-19 (D. D.C. March 1, 2013). | Like *Selman*, this case applied the law of a foreign jurisdiction – the District of Columbia. What is more, plaintiff also had pled fraud in addition to conversion, and the court found plaintiff did not allege the necessary elements for the conversion claim, and the conversion claim did not state an independent basis for a charge of fraud. |

| (12) Defendants cite these cases discussing possession as it concerns the tort of conversion, which are inapplicable to this matter: | |
|---|---|
| *U.S. v. Bailey*, 419 F.3d 1208, 1213-14 (11th Cir. 2005). | (government failed in its claim for conversion because it had only a future possessory interest in its claim for drug dealing proceeds rather than possession or an immediate right to possession as required by Florida law) |
| *Ginsberg v. Lennar Fla. Holdings, Inc.*, 645 So.2d 490, 499-500 (Fla. 3rd DCA 1994), *rev. denied*, 659 So.2d 272 (Fla.1995). | (plaintiff failed in its conversion claim for rents due upon default for two apartments complexes when defendant converted such for |

# EXHIBIT "B"

|  |  |
|---|---|
|  | personal use because plaintiff was responsible for pursuing a number of specified steps enumerated under Florida statutory law to establish a right to possession of the rents) |
| *Greenberg v. Miami Children's Hospital Research Institute, Inc.*, 264 F. Supp. 2d 1064, 1074 (S.D. Fla. 2003). | ("The Court finds that Florida statutory and common law do not provide a remedy for Plaintiffs' donations of body tissue and blood samples under a theory of conversion liability.") |

| (13) LPI case with different facts cited by Defendants where they attempt, unsuccessfully, to argue GTS could collect expensive LPI premiums: | |
|---|---|
| *McKenzie v. Wells Fargo Bank, N.A., ---F.Supp.2d---*, 2013 WL1087844, at *15-16 (N.D. Cal. March 14, 2013). | Defendants cite to, for support on GTS' right to collect force-placed insurance premiums (Mot. Dismiss at 20). Plaintiffs are confused as to the application of this cited case given that Defendants statement is not contested (GTS can collect premiums for LP insurance pursuant to the mortgage). In *McKenzie*, plaintiffs alleged conversion based on the argument that Wells Fargo was not delegated authority by contract guidelines to force-place flood insurance above certain minimum coverage levels. 2013 WL 1087844, *15-16. The court held those guidelines clearly set a minimum level of flood insurance, but did not set a maximum, so by contract Wells Fargo's had discretion to set a higher level of coverage. *Id.* The court found plaintiffs also lacked standing to enforce the servicing guidelines because they were neither party nor third-party beneficiary thereto. *Id.* These facts are entirely different than those supporting the alleged conversion claim in this matter, which stems from a force-placed insurance scheme. |