UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARRELL A. PURIFOY and LYNDA C. PURIFOY, on Behalf of Themselves and All Others Similarly Situated,<br><br>         Plaintiffs,<br><br>WALTER INVESTMENT MANAGEMENT CORPORATION; GREEN TREE SERVICING, LLC; GREEN TREE INSURANCE AGENCY, INC.;<br><br>         Defendants. | Case No. 1:13-cv-00937-RJS<br><br>CLASS ACTION<br><br>DEMAND FOR JURY TRIAL<br><br>**GREEN TREE DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ................................................................................................................1

II.  THE COURT SHOULD DISMISS THE COMPLAINT ....................................................1

     A.   The Purifoys Allege No Claim for Breach of Contract ............................................1

          1.   GTIA and WIMC Are Not Parties to the Contract .......................................1

          2.   The Purifoys Materially Breached the Mortgage.........................................2

          3.   The Purifoys Allege No Breach Arising Out of "Backdating" ....................2

          4.   The Purifoys Allege No Breach Arising Out of the Payment of Commissions .................................................................................................4

          5.   The Purifoys Allege No Breach of the Implied Covenant ...........................5

     B.   The Purifoys Allege No Claim For Unjust Enrichment ...........................................6

          1.   The Purifoys Cannot Sue In Quasi-Contract ................................................6

          2.   The Purifoys Do Not Allege They Conferred a Direct Benefit ...................7

     C.   The Purifoys Allege No Claim for Conversion ........................................................8

          1.   Money May Not Be The Subject of a Conversion Claim ............................8

          2.   The Purifoys Do Not Allege the Required Elements of Conversion .........10

III.  CONCLUSION .................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Abels v. JPMorgan Chase Bank, N.A.*,
  678 F. Supp. 2d 1273 (S.D. Fla. 2009) ................................................................................6, 10

*Aceto Corp. v. ThereapeuticsMD, Inc.*,
  __ F. Supp. 2d __, 2013 WL 3761073 (S.D. Fla. 2013) ............................................................8

*Alvarez v. Royal Caribbean Cruises, Ltd.*,
  905 F. Supp. 2d 1334 (S.D. Fla. 2012) .....................................................................................5

*Arnett v. Bank of America, N.A.*,
  874 F. Supp. 2d 1021 (D. Or. 2012) .......................................................................................10

*Batlle v. Wachovia Bank, N.A.*,
  2011 WL 1085579 (S.D. Fla. 2011) ..........................................................................................9

*Cannon v. Wells Fargo Bank, N.A.*,
  __ F. Supp. 2d __ 2013 WL 764964 (D. D.C. 2013) ................................................................4

*Cannon v. Wells Fargo Bank. N.A.*,
  2013 WL 3388222 (N.D. Cal. 2013) .........................................................................................3

*Casey v. Citibank, N.A.*,
  __ F. Supp. 2d __, 2013 WL 11901 (N.D. N.Y. 2013) ...........................................................10

*Central Magnetic Imaging Open MRI of Plantation, Ltd. v. State Farm Mut. Automobile Ins. Co.*,
  789 F. Supp. 2d 1311 (S.D. Fla. 2011) .....................................................................................6

*Cheezem Dev. Corp. v. Intracoastal Sales & Serv., Inc.*,
  336 So. 2d 1210 (Fla. 2d Dist. Ct. App. 1976) .........................................................................2

*Ernie Haire Ford, Inc. v. Ford Motor Co.*,
  260 F.3d 1285 (11th Cir. 2001) .................................................................................................5

*Fla. Desk, Inc. v. Mitchell Int'l, Inc.*,
  817 So.2d 1059 (Fla. 5th Dist. Ct. App. 2002) .........................................................................9

*Flagship Resort Dev. Corp. v. Interval Int'l, Inc.*,
  28 So.3d 915, 924 (Fla. 3d Dist. Ct. App. 2010) ......................................................................6

*Gallo v. PHH Mortg. Corp.*,
  __ F. Supp. 2d __, 2012 WL 6761876 (D. N.J. 2012) ..............................................................4

*Gary v. D. Agustini & Asociados*,
   S.A., 865 F. Supp. 818 (S.D. Fla. 1994) ................................................................................7

*Gasparini v. Pordomingom*,
   972 So.2d 1053 (Fla. 3d Dist. Ct. App. 2008) .......................................................................8

*Gibson v. Chase Home Finance, LLC*,
   2011 WL 6319401 (M.D. Fla. 2011) ...............................................................................5, 10

*Gordon v. Chase Home Finance, LLC*,
   2012 WL 750608 (M.D. Fla 2012) .............................................................................5, 7, 10

*Gorham-DiMaggio v. Countrywide Home Loans, Inc.*,
   592 F. Supp. 2d 283 (N.D. N.Y. 2008) ..................................................................................9

*Gustafson v. BAC Home Loans Servicing*,
   LP, 2012 WL 4761733 (C.D. Cal. 2012) ............................................................................6, 9

*Hudson v. Wells Fargo Bank, N.A.*,
   2011 WL 5882880 (N.D. Cal. 2011) ......................................................................................9

*Jackson v. Riley*,
   427 So.2d 255 (Fla. 5th Dist Ct. App. 1983) .........................................................................2

*Kunzelmann v. Wells Fargo Bank, N.A.*,
   2012 WL 2003337 (S.D. Fla. 2012) .......................................................................................6

*Kunzelmann v. Wells Fargo Bank, N.A.*,
   2013 WL 139913 (S.D. Fla. 2013) .........................................................................................8

*LaCroix v. U.S. Bank, N.A.*,
   2012 WL 2357602 (D. Minn. 2012) ...................................................................................3, 4

*Lane v. Wells Fargo Bank, N.A.*,
   2013 WL 1758878 (N.D. Cal. 2013) ......................................................................................3

*Lass v. Bank of America, N.A.*,
   695 F.3d 129 (1st Cir. 2012) ..................................................................................................6

*Law Debenture v. Maverick Tube Corp.*,
   2008 WL 4615896 (S.D. N.Y. 2008) (Sullivan, J.) ................................................................7

*McKenzie v. Wells Fargo Home Mortg., Inc.*,
   2012 WL 5372120 (N.D. Cal. 2012) ......................................................................................4

*McNeary–Calloway v. JP Morgan Chase Bank, N.A.*,
   863 F. Supp. 2d 928 (N.D. Cal. 2012) ................................................................................3, 6

*Mobil Oil Corp. v. Dade County Esoil Management Co., Inc.*,
    982 F. Supp. 873 (S.D. Fla. 1997) ................................................................................7

*Molinos Valle Del Cibao, C. por A. v. Lama*,
    633 F.3d 1330 (11th Cir. 2011) ....................................................................................1

*Norfolk S. Ry. Co. v. Groves*,
    586 F.3d 1273 (11th Cir.2009) .....................................................................................1

*1021018 Alberta Ltd. v. Netpaying, Inc.*,
    2011 WL 1103635 (M.D. Fla. 2011) .......................................................................2, 7

*Oginsky v. Paragon Properties of Costa Rica LLC*,
    784 F. Supp. 2d 1353 (S.D. Fla. 2011) .........................................................................2

*Ranieri v. Paincare Holdings, Inc.*,
    889 So.2d 106 (Fla. 5th Dist Ct. App. 2004) ...............................................................3

*Tracfone Wireless, Inc. v. Access Telecom, Inc.*,
    642 F. Supp. 2d 1354 (S.D. Fla. 2009) .........................................................................7

*Ulbrich v. GMAC Mortg., LLC*,
    2012 WL 3516499 (S.D. Fla. 2012) .............................................................................8

*Virgilio v. The Ryland Group*,
    680 F.3d 1329 (11th Cir. 2012) ................................................................................7, 8

*Watkins v. NCNB Nat. Bank of Florida, N.A.*,
    622 So.2d 1063 (Fla. 3d Dist. Ct. App. 1993) .............................................................9

*Williams v. Wells Fargo Bank N.A.*,
    2011 WL 4901349 (S.D. Fla. 2011) ...............................................................3, 6, 7, 8

## I.  INTRODUCTION

The Purifoys' overwrought and overlong[1] opposition fails to cure the defects in their pleading.  Mindful of the 10-page limit for reply memoranda, defendants[2] briefly address below each of the opposition's arguments.

## II.  THE COURT SHOULD DISMISS THE COMPLAINT

A.  **The Purifoys Allege No Claim for Breach of Contract**

1.  **GTIA and WIMC Are Not Parties to the Contract**

The Purifoys' contract claim cannot stand against GTIA or WIMC because "a contract cannot bind a nonparty." *See Norfolk S. Ry. Co. v. Groves*, 586 F.3d 1273, 1282 (11th Cir.2009).

The Purifoys concede the general rule, but argue they have sufficiently alleged a claim to pierce the veil against WIMC. (*See* Dkt. no. 46, at 14-15.)  To pierce the corporate veil under Florida law, a plaintiff must allege facts showing (1) the shareholder controlled the corporation to such an extent that the corporation did not independently exist; (2) the corporate form was been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant.  *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1349-50 (11th Cir. 2011).  The Purifoys do not even allege a skeletal outline of these elements, much less plead any facts that would support a plausible veil-piercing claim.

Nor are the Purifoys correct that veil-piercing is necessarily a factual issue that cannot be resolved on a motion to dismiss. (*See* Dkt. no. 45, at 15-16.)  Florida courts have regularly

---

[1] The Purifoys' opposition includes seven pages of "exhibits" which contain additional argument in single-spaced tables.  *See* Dkt. no. 45-1, 45-2.  Defendants request that the Court disregard the entire opposition for exceeding the 25-page limit or, alternatively, decline to consider the additional argument contained within the exhibits.

[2] Defendants are Green Tree Servicing LLC ("GTS"), Green Tree Insurance Agency, Inc. ("GTIA") and Walter Investment Management Corporation ("WIMC").

dismissed similarly conclusory allegations on the pleadings. *See e.g., Oginsky v. Paragon Properties of Costa Rica LLC*, 784 F. Supp. 2d 1353, 1372-74 (S.D. Fla. 2011); *1021018 Alberta Ltd. v. Netpaying, Inc.*, 2011 WL 1103635, at * 7 (M.D. Fla. 2011).

Even had the Purifoys alleged an adequate veil-piercing claim against WIMC, they tacitly concede that they allege no basis to hold GTIA liable for the alleged breach of the mortgage. GTIA is not a loan servicer and not a party to the mortgage the Purifoys allege GTS breached.

Accordingly, the Purifoys' first count should be dismissed as to GTIA and WIMC with prejudice.

### 2. The Purifoys Materially Breached the Mortgage

Though they refuse to concede the point (*see* Dkt. no. 45 at 16-17), the Purifoys plainly breached the mortgage by failing to maintain their own insurance. *See* FAC, ¶¶ 30-32. But for the Purifoys' default, GTS would not have obtained the LPI policy the Purifoys now assail.

Contrary to the Purifoys' argument, that breach was material. "[A] party who has breached a contract by failing to pay when due[] cannot successfully maintain an action for breach of the remaining contract." *Jackson v. Riley*, 427 So.2d 255, 257 (Fla. 5th Dist Ct. App. 1983); *Cheezem Dev. Corp. v. Intracoastal Sales & Serv., Inc.*, 336 So. 2d 1210, 1212 (Fla. 2d Dist. Ct. App. 1976). The mortgage warned the Purifoys the cost of LPI would exceed the cost of a policy they could obtain voluntarily. FAC, Ex. 3, ¶ 5. GTS reiterated this warning before obtaining the LPI. *Id.*, ¶¶ 26, 27, Exs. 4-5. Having ignored these warnings and failed to maintain their own insurance, the Purifoys cannot now complain the LPI GTS obtained was too expensive.

### 3. The Purifoys Allege No Breach Arising Out of "Backdating"

The Purifoys' mortgage required them to maintain insurance "in the amounts and *for the periods* that Lender requires …." *See* FAC, Ex. 3, ¶ 5. As shown in defendants' opening memorandum, courts interpreting the same or similar language have held it authorizes the lender

2

to obtain coverage that will protect itself for the entire period of the borrower's lapse. *See e.g. LaCroix v. U.S. Bank, N.A.,* 2012 WL 2357602, at *5-6 (D. Minn. 2012) (citing cases).

The Purifoys criticize these cases as "outliers" (*see* Dkt. no. 45, at 19-20), but make no attempt to address or counter their underlying rationale. "[I]t is reasonable to backdate [hazard] insurance to the date of lapse because [a lender] ha[s] no way of knowing whether a loss had occurred during the lapsed period." *Cannon v. Wells Fargo Bank. N.A.*, 2013 WL 3388222, at * 5 (N.D. Cal. 2013).

If anything, the Purifoys' cases are the "outliers" or otherwise inapposite. In *Williams v. Wells Fargo Bank N.A.*, 2011 WL 4901349, at * 2-3 (S.D. Fla. 2011), the defendant argued it was not a party to any contract with the borrowers, and the court never addressed whether plaintiffs' "backdating" allegations stated a claim. Similarly, *Lane v. Wells Fargo Bank, N.A.*, 2013 WL 1758878, at *2-4 (N.D. Cal. 2013) and *McNeary–Calloway v. JP Morgan Chase Bank, N.A.*, 863 F. Supp. 2d 928, 956, 962 (N.D. Cal. 2012) declined to resolve the issue, incorrectly holding they could not interpret the contracts as a matter of law on a motion to dismiss.

Under Florida law, contractual interpretation is a question of law and may be resolved on the pleadings where, as here, the contract unambiguously permits the challenged conduct. *See e.g., Ranieri v. Paincare Holdings, Inc.*, 889 So.2d 106, 107 (Fla. 5th Dist Ct. App. 2004). The Purifoys point to no language in the mortgage limiting GTS's right to purchase insurance that would cover the entire period of their lapse.

The Purifoys also allege no facts supporting their argument that their property was covered by a the loss payable endorsement found in "certain standard mortgage clauses." *See* Dkt. no. 45 at 19. They could not truthfully do so as their prior servicer, Bank of America, N.A., also imposed a lender-placed policy as a result of the Purifoys' failure to maintain their own

insurance. *See* FAC, Ex. 8.  Hence, the Purifoys' had no existing hazard insurance when their loan's servicing rights were transferred from BofA to GTS.  *See id.*

    **4.**    **The Purifoys Allege No Breach Arising Out of the Payment of Commissions**

The Purifoys tacitly concede that they have "failed to identify any duty or obligation in the [mortgage] that would require the [Green Tree] Defendants to obtain competitively priced LPI coverage for the property at issue.  Moreover, the [Purifoys] failed to identify any duty in the [mortgage] that would bar the [Green Tree] Defendants from receiving the alleged 'kickbacks.' " *Cannon v. Wells Fargo Bank, N.A.*, __ F. Supp. 2d __ 2013 WL 764964, at * 18 (D. D.C. 2013); *Gallo v. PHH Mortg. Corp.*, __ F. Supp. 2d __, 2012 WL 6761876, at * 10 (D. N.J. 2012) (dismissing breach of contract claim in similar LPI case).

The Purifoys' "kickback" allegations are also insufficient as they plead no facts, as opposed to conclusions, that would state a plausible claim.  Contrary to the Purifoys' argument (*see* Dkt. no. 45, at 19-20), their allegations based on non-parties' alleged conduct, made entirely on information and belief, are insufficient to state a claim against defendants.

> The court need not answer the specific question of whether "information and belief" pleading is sufficient to state a claim for relief, because LaCroix's complaint contains no factual support underlying the allegation that U.S. Bank profited from the force-placed policy. Alleging that nonparty ASIC has engaged in kickback schemes with other lenders, without specific facts regarding LaCroix's insurance policy or U.S. Bank's protocol regarding force-placed insurance, is purely speculative and not sufficient to state a claim for relief.

*LaCroix*, 2012 WL 2357602 at *6; *accord:  McKenzie v. Wells Fargo Home Mortg., Inc.*, 2012 WL 5372120, at * 20 (N.D. Cal. 2012).

Like the plaintiffs in *LaCroix*, the Purifoys allege no facts that would plausibly support their "kickback" allegations against defendants, so the breach of contract claim should be dismissed.

4

### 5. The Purifoys Allege No Breach of the Implied Covenant

The Purifoys' implied covenant allegations are superfluous of their claim for breach of the mortgage's express contract and so should meet the same fate. "[I]if a plaintiff fails to identify a breached contract term, a claim for the implied covenant of good faith and fair dealing is 'untenable.' " *Gordon v. Chase Home Finance, LLC*, 2012 WL 750608, at * 3-4 (M.D. Fla 2012) (dismissing breach of contract and implied covenant claims in LPI case); *Gibson v. Chase Home Finance, LLC*, 2011 WL 6319401, at * 4-5 (M.D. Fla. 2011) (same).

Even were the breach of contract claim sufficient, "[u]nder Florida law, a claim for breach of the implied covenant of good faith and fair dealing may be dismissed as redundant where it is based on the same allegations as those underlying the breach of contract claim." *Alvarez v. Royal Caribbean Cruises, Ltd.*, 905 F. Supp. 2d 1334, 1341 (S.D. Fla. 2012) (citation omitted). The Purifoys' implied covenant claim adds nothing to the complaint and so should be dismissed as redundant. *See* FAC, ¶¶ 93, 98, 99, 100. The Purifoys' opposition fails to acknowledge this argument, thus conceding it is correct.

Assuming the implied covenant claim were independently actionable, the Purifoys fail to allege any breach. Under Florida law, "the limit placed on a party's discretion [by the implied covenant] is not great…. 'Unless no reasonable party ... would have made the same discretionary decision ..., it seems unlikely that [the party's] decision would violate the covenant of good faith....' " *Ernie Haire Ford, Inc. v. Ford Motor Co.*, 260 F.3d 1285, 1291-92 (11th Cir. 2001) (citation omitted).

The Purifoys fail to plead facts showing no reasonable party in GTS's position would have chosen to obtain LPI from ARIC. They do not (and cannot) allege there was a market of cheaper alternatives. Nor could any of the defendants themselves negotiate for lower premiums since, as the Purifoys emphasize, rates are set by insurers. FAC, ¶ 75.

Moreover, the Purifoys acknowledged in obtaining the mortgage that the cost of any LPI "might significantly exceed the cost of insurance that [the Purifoys] could have obtained ..." (*see id..*, ¶ 24 (citing Ex. 3, ¶ 5.)  The "implied covenant of good faith cannot be used to vary the terms of an express contract."  See *Flagship Resort Dev. Corp. v. Interval Int'l, Inc.*, 28 So.3d 915, 924 (Fla. 3d Dist. Ct. App. 2010).  So, the implied covenant cannot impose any duty for GTS to secure the most affordable insurance on the Purifoys' behalf.

While the Purifoys cite several superficially similar cases supporting their contrary contention, each is factually distinguishable,[3] legally inapposite,[4] or unconvincing.[5]  The mortgage afforded GTS discretion to obtain an LPI policy of its choice and the implied covenant imposed no contrary duty.

**B.      The Purifoys Allege No Claim For Unjust Enrichment**

**1.      The Purifoys Cannot Sue In Quasi-Contract**

As shown in defendants' opening memorandum, under Florida law "unjust enrichment may only be pleaded in the alternative where one of the parties asserts that the contract governing the dispute is invalid."  *Central Magnetic Imaging Open MRI of Plantation, Ltd. v. State Farm Mut. Automobile Ins. Co.,* 789 F. Supp. 2d 1311, 1317 (S.D. Fla. 2011).

---

[3] *See e.g., Lass v. Bank of America, N.A.*, 695 F.3d 129, 138-39 (1st Cir. 2012) (addressing claim lender purchased more flood insurance than permitted by federal law); *Gustafson v. BAC Home Loans Servicing*, LP, 2012 WL 4761733, at * 5 (C.D. Cal. 2012) (addressing allegations of excessive flood insurance coverage).

[4] Neither *Williams*, 2011 WL 4901346, at *2-3, nor *Abels v. JPMorgan Chase Bank, N.A.*, 678 F. Supp. 2d 1273, 1278 (S.D. Fla. 2009) addressed whether the lender had reasonably exercised its discretion under the contract.  Instead, each upheld the implied covenant allegations on other grounds not pertinent to this motion.

[5] *McNeary–Calloway*, 863 F. Supp. 2d at 957-58 and *Kunzelmann v. Wells Fargo Bank, N.A.*, 2012 WL 2003337, at * 5 (S.D. Fla. 2012) hold to the contrary, but are neither binding nor persuasive on this point.

6

The Purifoys cite no pertinent authority to the contrary. *Mobil Oil Corp. v. Dade County Esoil Management Co., Inc.*, 982 F. Supp. 873, 880 (S.D. Fla. 1997) did not even address pleading unjust enrichment in the alternative. *Williams*, 2011 WL 4901349, at * 6, *1021018 Alberta Ltd.*, 2011 WL 1103635, at *5, and *Tracfone Wireless, Inc. v. Access Telecom, Inc.*, 642 F. Supp. 2d 1354, 1366 (S.D. Fla. 2009) permitted alternative pleading, but only where the defendant disputed the existence of a valid contract covering the claims at issue.

Defendants do not assert the mortgage is invalid. Nor is there any dispute that the mortgage governs the Purifoys' claims. So, the Purifoys' unjust enrichment claim should be dismissed. *See Gordon*, 2012 WL 750608, at * 3-4 (dismissing unjust enrichment claim).[6]

Contrary to the Purifoys' argument (*see* Dkt. no. 45 at 25), the claims against GTIA and WIMC should be dismissed for the same reason though neither is a party to the contract. This Court and others have held that the allegation of an express contract covering the same subject matter "preclude[s] a claim for unjust enrichment even against a third party non-signatory to the agreement." *Law Debenture v. Maverick Tube Corp.*, 2008 WL 4615896, at *12 (S.D. N.Y. 2008) (Sullivan, J.) (citing cases).

### 2. The Purifoys Do Not Allege They Conferred a Direct Benefit

Although the Purifoys attempt to argue Florida law does not require a direct benefit on unjust enrichment claims (*see* Dkt no. 45 at 28), they have no answer for *Virgilio v. The Ryland Group*, 680 F.3d 1329, 1337 (11th Cir. 2012). There, a home builder paid its marketers commissions that were based on a percentage of the sums paid by the plaintiffs, purchasers of

---

[6] Contrary to the Purifoys' argument (*see* Dkt no. 45, at 36-37), this rule is not contingent upon the defendant's admission of liability or the existence of a viable contract remedy. The Purifoys conflate the rule precluding pleading unjust enrichment in the alternative with the rule barring an equitable remedy where an adequate legal remedy exists. *See Gary v. D. Agustini & Asociados*, S.A., 865 F. Supp. 818, 827 (S.D. Fla. 1994) (dismissing unjust enrichment claim).

homes, to the home builder at closing. The plaintiffs argued they had conferred a direct benefit on the marketers because the home builder "was merely a pass-through conduit required to deliver the 1.5 percent fee to defendants." *Id.* The Eleventh Circuit rejected this argument and held plaintiffs failed to state a claim under Florida law: "The mere fact that [the home builder] bargained away its right to 1.5 percent of the purchase price of Plaintiffs' houses did not change the fact that [the home builder], not Plaintiffs, conferred the benefit on [the marketers]." *Id.*

*Virgilio* controls here. "The commission in this case is not paid to [GTIA] by the plaintiffs, but instead the insurance company pays it." *Kunzelmann v. Wells Fargo Bank, N.A.*, 2013 WL 139913, at * 5-6 (S.D. Fla. 2013) (same). Accordingly, the Purifoys have no claim for unjust enrichment under Florida law. *See id.* (denying certification in similar LPI case in part because plaintiff could not establish direct benefit requirement under Florida law).

The Purifoys' cases are again inapposite. Each either predates *Virgilio* or fails to acknowledge its holding.[7] As the Purifoys did not directly confer any benefit on defendants, they have no claim for unjust enrichment under Florida law.

## C. The Purifoys Allege No Claim for Conversion

### 1. Money May Not Be The Subject of a Conversion Claim

The conversion claim should first be dismissed as money allegedly owed under a contract is not properly the subject of a claim in tort for conversion.

"It is well-established law in Florida that a simple debt which can be discharged by the payment of money cannot generally form the basis of a claim for conversion." *Gasparini v.*

---

[7] *See Aceto Corp. v. ThereapeuticsMD, Inc.*, __ F. Supp. 2d __, 2013 WL 3761073, at *17 (S.D. Fla. 2013) (fails to cite or acknowledge *Virgilio*); *Ulbrich v. GMAC Mortg., LLC*, 2012 WL 3516499, at *2 (S.D. Fla. 2012) (fails to cite or acknowledge *Virgilio*); *Williams v. Wells Fargo Bank N.A.*, 2011 WL 4901349, at * 9 (S.D. Fla. 2011) (decided before *Virgilio*).

*Pordomingom*, 972 So.2d 1053, 1055 (Fla. 3d Dist. Ct. App. 2008). The Purifoys argue their conversion claim raises a duty independent of their contract claim (*see* Dkt. no. 45, at 31), but allege no facts and cite no authority that supports their position. The conversion claim is entirely superfluous of the contract claim. It should, therefore, be dismissed as derivative.

The conversion claims also fails because the Purifoys "make no allegations to establish that the funds in their account consist of specific monies capable of identification or that the Defendant[s] owed a fiduciary duty to them." *Batlle v. Wachovia Bank, N.A.*, 2011 WL 1085579, at * 2 (S.D. Fla. 2011). The Purifoys allege no facts showing either that defendants converted a specific sum or that defendants owed a fiduciary to them. The Purifoys tacitly concede that nothing in the mortgage itself suggests that a lender assumes a fiduciary duty merely by administering a borrower's escrow account for payment of taxes and insurance.

The Purifoys' primary case, *Watkins v. NCNB Nat. Bank of Florida, N.A.,* 622 So.2d 1063, 1064-65 (Fla. 3d Dist. Ct. App. 1993) is easily distinguishable as there the lender acted as third party escrow holder between a buyer and seller. By contrast, where, as here, the lender administers the escrow as part of its debtor-creditor relationship with the borrower, the majority of courts have held no fiduciary duty exists as a matter of law.[8]

The majority rule is consistent with Florida law. To state a claim for conversion based on a trust or fiduciary theory, "[i]t is necessary to show that the same monies paid to [defendants] were to be held by [defendants] *for the benefit of* [plaintiffs]." *See Fla. Desk, Inc. v. Mitchell Int'l, Inc.*, 817 So.2d 1059, 1061 (Fla. 5th Dist. Ct. App. 2002) (emphasis added). The Purifoys

---

[8] *See e.g., Gustafson*, 2012 WL 7051318, at * 7-8; *Hudson v. Wells Fargo Bank, N.A.*, 2011 WL 5882880, at * 7-8 (N.D. Cal. 2011); *Gorham-DiMaggio v. Countrywide Home Loans, Inc.*, 592 F. Supp. 2d 283, 295 (N.D.N.Y. 2008).

do not and cannot allege GTS collected and held any LPI premiums for their benefit. The Purifoys thus cannot allege a conversion claim.

### 2. The Purifoys Do Not Allege the Required Elements of Conversion

The Purifoys tacitly concede that they did not pay any of the premiums assessed on their account and which constitute the basis of their conversion claim. FAC, ¶¶ 113, 118. GTS did not use any escrow funds to advance payment of the Purifoys' LPI premiums in any event. The Purifoys thus attempt to manufacture a different claim, contending the interest that accrued on the unpaid premiums was converted. *See* Dkt. no. 45, at 46.

This new claim fails, first, because the Purifoys do not allege they paid any such interest, and second, because the mortgage expressly authorizes GTS to charge for such interest. As such, no conversion claim would lie even had the Purifoys alleged they paid such interest. *See e.g., Gordon*, 2012 WL 750608, at * 5; *Gibson*, 2011 WL 6319401, at * 5.

None of the Purifoys' cases permits the allegation of a conversion claim under such circumstances.[9] As the mortgage authorized GTS to charge the Purifoys for the premiums it advanced to ARIC and the Purifoys do not allege they paid any such premiums, the conversion claim should also be dismissed.

### III. CONCLUSION

For the reasons stated above and in defendants' opening memorandum, the Court should dismiss the complaint.

---

[9] *Casey v. Citibank, N.A.*, __ F. Supp. 2d __, 2013 WL 11901, at * 4-6 (N.D. N.Y. 2013) did not consider whether a conversion claim could be alleged in the absent of payment of premiums, but rather ruled on independent grounds. *Arnett v. Bank of America, N.A.*, 874 F. Supp. 2d 1021, 1036 (D. Or. 2012) declined to consider whether the premiums had been paid as the argument was raised for the first time in the reply. *Abels*, 678 F. Supp. 2d at 1278. did not even address a conversion claim, but instead ruled on an unjust enrichment claim.

Dated: August 6, 2013.

By: *_/s/Erik Kemp_*

John B. Sullivan (Cal. State Bar No. 96742)
Mark D. Lonergan (Cal. State Bar No. 143622)
Erik Kemp (Cal. State Bar No. 246196)
(*admitted pro hac vice*)
**SEVERSON & WERSON**
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
jbs@severson.com
mdl@severson.com
ek@severson.com

David S. Versfelt (DV 8935)
**K&L GATES LLP**
599 Lexington Avenue
New York, NY 10022
Phone: 212.536.3991
Fax: 212.536.3901
david.versfelt@klgates.com

Attorneys for Defendants
WALTER INVESTMENT MANAGEMENT CORPORATION; GREEN TREE SERVICING, LLC; and GREEN TREE INSURANCE AGENCY, INC.

## CERTIFICATE OF SERVICE

I, Erik Kemp, hereby certify that on August 6, 2013 the foregoing document, filed through the ECF system, will be electronically sent to those indicated on the Notice of Electronic Filing as registered participants, and hard copies will be sent to those indicated as non-registered participants.

*_/s/ Erik Kemp_*
ERIK KEMP