UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRELL PURIFOY, *et al.*,

                  Plaintiffs,

-v-

WALTER INVESTMENT MANAGEMENT
CORPORATION, *et al.*,

                  Defendants.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-10-13

No. 13 Civ. 937 (RJS)
<u>ORDER</u>

<u>RICHARD J. SULLIVAN</u>, District Judge:

        The Court is in receipt of the attached pre-motion letter from Plaintiffs, as well as the attached response from Defendants. Plaintiffs raise a discovery dispute, which they concede should properly be raised in a joint letter, and only after meeting and conferring with Defendants. They nonetheless urge the Court to take the extraordinary step of resolving their discovery dispute by an order to show cause because, they contend, the parties have reached an "impasse [that] is the result of what appears to be the Green Tree Defendants' position that Plaintiffs[] should not be entitled to any discovery at all in this action." Unsurprisingly, Defendants' narrative is different. They assert that they have been compliant with fairly burdensome discovery requests but that they have needed additional time to make the productions that Plaintiffs seek. This sort of he-said-she-said squabble nicely illustrates why the Court requires discovery disputes to be raised by joint letter *after* the parties have sat down and discussed their disagreement in good faith. Accordingly, the Court denies Plaintiffs' request for failure to comply with Rule 2.G of the Court's Individual Practices.

        Defendants' letter represented that they were "prepared to begin producing documents on or before September 27, 2013." If they have not yet done so, they shall make that production

now. Thereafter, should a discovery dispute persist between the parties, they may present that dispute in compliance with the Court's Individual Practices.

SO ORDERED.

Dated:     October 9, 2013
           New York, New York

                                        _____
                                        RICHARD J. SULLIVAN
                                        UNITED STATES DISTRICT JUDGE

2

# GILMAN LAW LLP
## A NATIONAL LAW FIRM

TELEPHONE (239) 221-8301  
FACSIMILE (239) 676-8224

BEACHWAY PROFESSIONAL CENTER TOWER  
3301 BONITA BEACH ROAD, SUITE 202  
BONITA SPRINGS, FLORIDA 34134

OTHER OFFICES  
NAPLES, FL  
BOSTON, MA

KENNETH G. GILMAN IS ALSO LICENSED IN MASSACHUSETTS

September 20, 2013

**SENT VIA E-MAIL sullivannysdchambers@nysd.uscourts.gov**  
The Honorable Richard J. Sullivan  
U.S. District Court for the Southern District of New York  
500 Pearl Street, Room 640  
New York, New York 10007

Re: *Purifoy, et al. v. Walter Investment Management Corporation, et al.*  
Case No. 1:13-cv-00937(SDNY)(RJS)

Dear Judge Sullivan,

We represent Darrell A. Purifoy and Lynda C. Purifoy ("Plaintiffs") in the above-referenced action against Green Tree Insurance Agency, Inc. ("GTI"), Green Tree Servicing, LLC ("GTS"), and Walter Investment Management Corporation ("WIMC") (collectively, the "Green Tree Defendants"). Plaintiffs hereby request a pre-motion conference with this Court in compliance with Section 2.A of Your Honor's Individual Rules of Practice. Specifically, Plaintiffs intend to file a motion with this Court for an order to show cause as to why the Green Tree Defendants should not be sanctioned for their failure to adhere to this Court's directive for discovery to move forward as instructed at the Initial Status Conference on May 8, 2013 (Dkt. 41, Transcript) and in the Case Management Plan and Scheduling Order that was entered on June 11, 2013 (Dkt. 42) (the "Scheduling Order").

Plaintiffs did not attempt to resolve this matter in accord with Section 2.G of Your Honor's Individual Rules of Practice because this impasse is the result of what appears to be the Green Tree Defendants' position that Plaintiffs' should not be entitled to any discovery at all in this action. In short, the Green Tree Defendants have not produced one single piece of paper in response to Plaintiffs' discovery requests, which is especially egregious behavior considering that agreed upon discovery parameters were detailed in the Scheduling Order, as discussed *infra*.

### A. Case Summary

Plaintiffs brought this action on behalf of themselves and all others similarly situated against the Green Tree Defendants for their alleged common practice of charging Plaintiffs and the proposed class members for force-placed hazard insurance at grossly excessive amounts, far beyond what is required to keep such hazard policies in force, and without justification beyond the improper motive of increasing their profits at the expense of Plaintiffs and the proposed class through the employment of a commissions and kickbacks scheme. Plaintiffs allege claims in the First Amended Complaint (Dkt. 39) for breach of contract, unjust enrichment, and conversion.

*Purifoy et al.*, Case No. 1:13-cv-00937(SDNY)(RJS)

### B. Instructions as to Discovery Per this Court and the Case Management Plan

On May 8, 2013, the parties had an Initial Status Conference with Your Honor concerning the Green Tree Defendants' anticipated filing of a motion to dismiss Plaintiffs' Complaint. At that conference, Your Honor was very clear that discovery in this matter was to proceed: "[D]iscovery *will start now* because *I'm not going to stay discovery*." (Dkt. 41, Transcript at 9:21–22 (emphasis added).) Hence, this Court's decision for discovery to move forward was unequivocal. Your Honor further remarked, near the end of said conference, that after the filing of the Amended Complaint and the Joint Proposed Revised Case Management Plan, "[W]e'll be moving forward and off to the races." (*Id.* at 29:23–25.)

Plaintiffs filed the Amended Complaint on May 24, 2013 (Dkt. 39) and the Court entered the Scheduling Order on June 11, 2013 (Dkt. 42). As to discovery, the Scheduling Order states:

> 6. Discovery may proceed consistent with the Court's discussion with counsel at the May 8, 2013 Initial Status Conference. (*See* Transcript at 26:5–14 (permitting discovery with respect to items (b)–(j) in the parties' April 5, 2013 status letter, as well as aggregate data relating to item (a)).)

(*Id.*) Despite having propounded discovery in accordance with this Court's directives, Plaintiffs have received no discovery from the Green Tree Defendants.

### C. Facts that Justify an Order to Show Cause

As of the date of this letter to this Court, the discovery requests propounded by Plaintiffs, and the attendant results, are as follows:

- July 24, 2013: Plaintiffs served the Green Tree Defendants with Plaintiffs' First Requests for Production of Documents and Plaintiffs' Notices of Deposition.
- July 25, 2013: Plaintiffs served the Green Tree Defendants with Plaintiffs' First Sets of Interrogatories.
- August 14, 2013: The Green Tree Defendants *requested an extension* through September 9, 2013 to respond to Plaintiff's discovery requests. Plaintiffs *agreed to the extension request*.
- August 22, 2013: The Green Tree Defendants served objections to Plaintiffs' Notices of Deposition:
  o GTI and GTS served seven (7) General Objections and thirteen (13) Objections to Topics of Examination.
  o WIMC served eight (8) General Objections and fourteen (14) Objections to Topics of Examination.
- September 6, 2013: The Green Tree Defendants requested a second extension to respond to Plaintiffs' pending discovery requests. Plaintiffs declined their request for an extension.
- September 11, 2013: The Green Tree Defendants served objections to Plaintiffs' Requests for Production of Documents and Interrogatories.
  o GTI served Plaintiffs with a forty-eight (48) page document comprised of thirteen (13) General Objections, four (4) Objections to Definitions and Instructions, and fifty-four (54) Specific Objections and Responses in response to Plaintiffs' First Request for Production

2

*Purifoy et al.*, Case No. 1:13-cv-00937(SDNY)(RJS)

- of Documents.
  - GTI served Plaintiffs with fourteen (14) General Objections, four (4) Objections to Definitions and Instructions, and thirteen (13) Individual Responses and Objections in response to Plaintiffs' First Set of Interrogatories.
  - GTS served Plaintiffs with a forty-eight (48) page document comprised of thirteen (13) General Objections, four (4) Objections to Definitions and Instructions, and fifty-four (54) Specific Objections and Responses in response to Plaintiffs' First Request for Production of Documents.
  - GTS served Plaintiffs with fourteen (14) General Objections, four (4) Objections to Definitions and Instructions, and thirteen (13) Individual Responses and Objections in response to Plaintiffs' First Set of Interrogatories.
  - WIMC served Plaintiffs with a forty-seven (47) page document comprised of thirteen (13) General Objections, four (4) Objections to Definitions and Instructions, and fifty-four (54) Specific Objections and Responses in response to Plaintiffs First Request for Production of Documents.
  - WIMC served Plaintiffs with fourteen (14) General Objections, four (4) Objections to Definitions and Instructions, and thirteen (13) Individual Responses and Objections in response to Plaintiffs' First Set of Interrogatories.

Ergo, the Green Tree Defendants have not produced a single piece of paper in response to Plaintiffs' discovery requests, all of which were made in good faith and with the belief that they materially complied with the parameters outlined in the Scheduling Order, as discussed *supra*. Meanwhile, the Green Tree Defendants have filed a fully-briefed motion to dismiss Plaintiffs' Amended Complaint (Dkt. 43).

### D. Request for a Pre-Motion Conference

Plaintiffs have been reticent to burden this Court with a pre-motion conference to address the failure by the Green Tree Defendants to produce any responsive discovery in accord with this Court's orders. Your Honor was abundantly clear during the Initial Status Conference, however, that case management plans are not typically changed (Dkt. 41, Transcript at 30:7–8) and that "where there's a court order that lays all this out, I think you ignore it at your own peril." (*Id.* at 31:10-11.) Thus, the Green Tree Defendants have left Plaintiffs with no alternative but to move for an order to show cause due to the fact that Plaintiffs and the proposed Class have been prejudiced by the lack of production of any discovery by said defendants.

Plaintiffs are available at this Court's convenience for a pre-motion conference to discuss the Plaintiffs' anticipated motion. We thank this Court for its time and consideration in evaluating this request and look forward to an amicable resolution to the Green Tree Defendants' non-compliance with this Court's directives.

Respectfully submitted,

/s/Kenneth G. Gilman

Kenneth G. Gilman

cc: All other counsel via email

3



# Severson
# &Werson

A Professional Corporation

Erik Kemp
Attorney
Direct Line: (415) 677-5556
ek@severson.com

One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

September 24, 2013

**VIA E-MAIL**

Hon. Richard J. Sullivan
United States District Court,
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Purifoy v. Walter Investment Management Corporation et al.*
             Case No.: 1:13-cv-00937-RJS

Dear Judge Sullivan:

      I write on behalf of defendants Green Tree Servicing LLC ("GTS"), Green Tree Insurance Agency Inc. ("GTIA"), and Walter Investment Management Corporation ("WIMC") in response to plaintiffs' counsel's September 20, 2013 letter requesting a pre-motion conference on a motion for sanctions. Defendants believe that plaintiffs have mischaracterized the underlying dispute and that there is no basis for the relief requested. Defendants respectfully request that the Court deny plaintiffs' request for a pre-motion conference.

      On May 9, 2013, this Court held an initial status conference. The Court granted plaintiffs' request to file a first amended complaint and ordered that either party could serve discovery immediately.

      Approximately ten weeks later, on July 24, 2013, plaintiffs commenced discovery by serving a first set of request for production on GTS, GTIA, and WIMC. The set consisted of 54 separate demands, focusing heavily on any aggregate financial information defendants might maintain regarding the putative nationwide class alleged in the complaint. The next day, plaintiffs served a first set of interrogatories on all three defendants, consisting of 13 separate interrogatories. Like the request for production, the interrogatories focused heavily on data concerning the putative class.

      The burdens created by the discovery requests are considerable. The requests are generally broad and in many cases request detailed financial information concerning defendants' business practices for six years or more. Responding to the requests could not be achieved by a simple turn-over of files.

11293.0219/2876365.1

San Francisco ~ Orange County ~ Walnut Creek


Severson
&Werson
A Professional Corporation

Hon. Richard J. Sullivan
September 24, 2013
Page 2

Due to the breadth of the requests, on August 15, 2013, I requested and obtained from Mr. Gilman an extension to respond to plaintiffs' discovery until September 9, 2013, a period of approximately two weeks. While defendants continued to work on preparing responses, I later realized we would be unable to serve substantive responses by that date. Therefore, on September 6, 2013, I requested a further two-week extension from Mr. Gilman via email. If granted, the aggregate total of the two extensions requested would have been approximately 30 days.

To my surprise, Mr. Gilman declined to grant the extension, mistakenly contending that defendants were refusing to respond to the discovery at all. I responded in writing, clarifying that defendants were not refusing to respond to the discovery in its entirety, but simply needed more time given the breadth of the requests. I further indicated that if Mr. Gilman would not grant the extension, defendants would be compelled to serve objections to ensure they were preserved, but that defendants would serve supplemental responses as soon as they were able. Mr. Gilman still refused the request.[1] Hoping a telephone call would be more fruitful, I called Mr. Gilman's office and left a message with his receptionist requesting that he return my call. I did not receive a return call from Mr. Gilman.

As defendants were not yet ready to serve substantive responses on September 9, 2013, we served objections to ensure they were preserved. We continued to work on the discovery with the goal of beginning a document production as soon as possible. We were surprised to receive Mr. Gilman's letter requesting a pre-motion conference on September 20th, as he did not contact us to meet and confer before sending it. However, defendants continue to believe the dispute can be narrowed, if not resolved, informally. To that end, defendants recently agreed with Mr. Gilman regarding the terms of a stipulated protective order, and are prepared to begin producing documents on or before September 27, 2013.

In short, plaintiffs' allegations are unfounded. Defendants are not attempting to obstruct or block discovery, but simply requested a reasonable extension of time—a total of only 30 days—to respond to broad and burdensome requests. Defendants submit it would be premature and unnecessary for the Court to decide any discovery dispute at this point, before defendants have completed their production and without the parties having exhausted their efforts to meet and confer. While plaintiffs suggest they have been prejudiced by defendants' request for another two-week extension, the far greater delay was the ten weeks plaintiffs waited to serve their discovery after the initial status conference in May. Under these circumstances, defendants submit that any motion for sanctions would be without merit and respectfully request that the Court deny plaintiffs' request for a pre-motion conference, without prejudice to the parties

---

[1] Defendants enclose the parties' brief exchange of emails with this letter.

11293.0219/2876365.1



submitting a joint letter to the court outlining any actual discovery disputes after the parties further meet and confer.

    We appreciate the Court's consideration of this letter. Should you have any questions, please have your clerk contact me. Thank you.

Very truly yours,

Erik Kemp

EK:ek
Enclosure

11293.0219/2876365.1

## Erik Kemp

**From:** Kenneth Gilman <kgilman@GilmanPastor.com>
**Sent:** Friday, September 06, 2013 12:40 PM
**To:** Erik Kemp
**Subject:** RE: Purifoy v. Green Tree [IWOV-WORKSITE.FID1453711]

I have tried to accommodate you, however, as should be extremely obviously to you, at the first hearing on May 8th in New York, we discussed discovery commencing on that day. Given even your good faith assurances as to why it has taken you so long, there can be no justifiable reason why you have not produced a single document, sheet of paper, spreadsheet, etc. regarding the amount of commissions paid to Green Tree in connection with the force placed hazard and wind insurance. Since it is four months later, we don't believe that the Court or us should be prejudiced to the level that we have.

Cordially,

Kenneth G. Gilman
GILMAN LAW LLP
Beachway Professional Center Tower
3301 Bonita Beach Road
Suite 202
Bonita Springs, FL 34134
Telephone (239) 221-8301
Facsimile (239) 676-8224
Mobile (781) 307-2526

---

**From:** Erik Kemp [mailto:ek@severson.com]
**Sent:** Friday, September 06, 2013 1:58 PM
**To:** Kenneth Gilman
**Cc:** 11293_0219 _Green Tree Servicing_Purifoy_ Darrell _ Lynda_ Correspondence <{F1453711}.WORKSITE@sw-dms01.severson.com>
**Subject:** RE: Purifoy v. Green Tree [IWOV-WORKSITE.FID1453711]

Ken:

We're not seeking to block all discovery; we just need additional time to respond. We're working on the responses but your discovery requests are voluminous and burdensome and it will take more than 30 days to respond.

Moreover, I am only asking for two extra weeks in addition to the two weeks you previously granted, which amounts to 28 days. That's less than the 30-day extension you granted in the Hutchings case last week. Since it's essentially the same discovery, I can't understand why you would take a different position here.

If you don't agree, we will serve objections to ensure they are preserved and then supplement once the responses are finalized. However, I'd like to avoid that situation with a further two-week extension. We would of course extend you similar professional courtesies later in the case should you need them.

1

Thank you.

Erik W. Kemp
Severson & Werson
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Direct: (415) 677-5556
Main: (415) 398-3344
Fax: (415) 956-0439

This transmission is intended only for the addressee and contains privileged and/or confidential information. If you are not the intended recipient, please do not use, disseminate, or copy this material. If you have received this transmission in error please notify us immediately by telephone at (415) 398-3344, return this transmission, and delete or destroy any copies (digital or paper). Thank you.

---

**From:** Kenneth Gilman [mailto:kgilman@GilmanPastor.com]
**Sent:** Friday, September 06, 2013 10:29 AM
**To:** Erik Kemp
**Subject:** RE: Purifoy v. Green Tree [IWOV-WORKSITE.FID1422655]

Erik,

I generally do not see what right you have to block all discovery, which the Court Ordered many months ago. You have failed to produce any responsive documents. Please provide your specific reasons as to all documents requested so we may inform the District Judge. Plaintiffs and Class Members have already suffered severe prejudice to the acts and omissions of the Green Tree Defendants.

Kenneth G. Gilman
GILMAN LAW LLP
Beachway Professional Center Tower
3301 Bonita Beach Road
Suite 202
Bonita Springs, FL 34134
Telephone (239) 221-8301
Facsimile (239) 676-8224
Mobile (781) 307-2526

---

**From:** Erik Kemp [mailto:ek@severson.com]
**Sent:** Friday, September 06, 2013 12:59 PM
**To:** Kenneth Gilman
**Cc:** 11293_0174_Green Tree Servicing_Rapp_ Jared_ Correspondence <{F1422655}.WORKSITE@sw-dms01.severson.com>
**Subject:** Purifoy v. Green Tree [IWOV-WORKSITE.FID1422655]

Ken:

I am writing to request an additional two-week extension on defendants' responses to the interrogatories and requests for production you served. The responses are currently due Monday, September 9th.

2

Please let me know if this is acceptable. Thank you.

Erik W. Kemp
Severson & Werson
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Direct: (415) 677-5556
Main:  (415) 398-3344
Fax:   (415) 956-0439

This transmission is intended only for the addressee and contains privileged and/or confidential information.  If you are not the intended recipient, please do not use, disseminate, or copy this material.  If you have received this transmission in error please notify us immediately by telephone at (415) 398-3344, return this transmission, and delete or destroy any copies (digital or paper).  Thank you.

3