*Sullivan J*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARRELL A. PURIFOY and LYNDA C. PURIFOY, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALTER INVESTMENT MANAGEMENT CORPORATION; GREEN TREE SERVICING, LLC; GREEN TREE INSURANCE AGENCY, INC.;<br><br>Defendants. | Case No. 1:13-cv-00937-RJS<br><br>CLASS ACTION<br><br>DEMAND FOR JURY TRIAL<br><br>**STIPULATION AND AGREED CONFIDENTIALITY ORDER** |

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-14-13

IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto, that the following provisions of the Stipulation and Agreed Confidentiality Order (the "Stipulation and Order") shall govern disclosure and use by the undersigned parties of all documents, interrogatory responses, testimony and other materials and information (collectively, "Discovery Materials"), produced in this action, as follows:

1.    When used in this Stipulation and Order, the word "document" shall include, without limitation, all original written, recorded, electronic or graphic materials, and all copies thereof. A party, person, or entity that produces or discloses Discovery Materials in connection with this action shall be referred to herein as the "Disclosing Party."

2.    All Discovery Materials produced or disclosed in these actions shall be used solely for the prosecution of these actions (including any appeal therefrom) and the defense of the named defendants. Any person or entity in possession of Confidential Discovery Materials

shall maintain those materials in a reasonably secure manner, so as to avoid disclosure of their contents to third parties.

3.      Any Discovery Materials produced or disclosed in connection with these actions by a Disclosing Party which constitutes either: (1) trade secret or other confidential research, development or commercial information under Rule 26(c) of the Federal Rules of Civil Procedure; or (2) confidential, non-public personal information concerning individuals such as social security numbers, home telephone numbers and addresses, tax returns, personnel evaluations, and medical, compensation, financial, investment and banking information may be designated 'Confidential' by the Disclosing Party or by the individual to whom the confidential, non-public personal compensation, financial, investment and banking information directly and expressly relates.  Discovery Materials designated 'Confidential' shall be referred to herein as 'Confidential Discovery Materials.'

4.      The confidential designation set forth in paragraph 3 of this Stipulation and Order may be made at or prior to the time of production of documents by stamping the phrases, for Confidential Discovery Materials, "Confidential," or "Confidential – Subject to Protective Order," on each page of the Confidential Discovery Materials to be deemed confidential, or, in the case of depositions, as provided in paragraph 5 below.  Inadvertent failure to designate materials as Confidential at the time of production may be remedied by supplemental written notice received no later than ninety-days before the date set for trial.  If such notice is given, all documents, materials or testimony so designated shall be subject to this Stipulation and Order as if they had been initially designated as Confidential, provided, however, that the forgoing provision shall not apply to any documents that had already been introduced as deposition exhibits, had been filed with the Court or had otherwise become publicly available.  Moreover,

any use of documents or information prior to any such subsequent designation shall not constitute a violation of the terms of this Stipulation and Protective Order. The effective date of any such subsequent designation shall be the date of actual receipt of such written notice by counsel for the non-designating party.

5.      A Disclosing Party may designate as Confidential any portion of a deposition transcript deemed to contain Confidential information. The Disclosing Party shall advise the court reporter and counsel of record of the beginning and end of the testimony containing Confidential Discovery Material, either orally at the deposition or in writing no later than thirty days after the date on which the transcript is available from the court reporter for distribution to counsel. Until the expiration of the thirty-day period, the parties shall treat the entire transcript as Confidential Discovery Material. The reporter shall mark "CONFIDENTIAL" on the face of the transcript at the beginning and end of any portion thereof designated confidential. At the request of the Disclosing Party, the court reporter shall prepare a separate original transcript that does not contain the Confidential Discovery Material. Copies of the transcript for counsel's use may contain both the confidential and other testimony in a single volume.

6.      No Discovery Materials designated "Confidential" under paragraphs 3-5 of this Stipulation and Order shall be disclosed, directly or indirectly, to any person other than:

            a.      the Court, Court personnel, jurors and witnesses (whether at deposition or at trial);

            b.      the named parties, Lead Plaintiffs and/or Court appointed class representatives in this action (including the officers, directors and employees of the named parties);

c.     the named parties' attorneys and partners, associates and employees of the attorneys' law firms;

d.     in-house attorneys for any named party to these actions and regular employees of the in-house legal department of any named party in these actions;

e.     court reporters transcribing depositions or testimony in these actions;

f.     any expert or consultant retained or consulted by any party in connection with these actions and those working under their direction or control; and

g.     outside photocopying, graphic production services, litigation support services, or investigators employed by the parties or their counsel to assist in this litigation and computer personnel performing duties in relation to a computerized litigation system.

7.     All persons to whom Confidential Discovery Materials are disclosed pursuant to subparagraphs 6(f) and 6(g) as applicable above shall, prior to disclosure, be advised of the contents of this Stipulation and Order, and shall be required to execute a certification to be returned to counsel retaining the expert or consultant evidencing the agreement in the form attached as Exhibit A.

8.     In the event that counsel for any party or non-party determines to file in or submit to this Court any Confidential Discovery Materials or information derived therefrom, or any papers containing or making reference to such information, pages containing such Confidential Discovery Materials shall be filed only in sealed envelopes on which shall be endorsed the caption of the relevant action and which shall clearly bear the word "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT." All materials filed under seal shall be available to the Court and to counsel for the parties for viewing and/or copying. Filing

under seal shall be without prejudice to any party's right to argue to the Court that such document is not confidential and need not be preserved under seal.

9.      If at any time any Discovery Materials governed by this Stipulation and Order are subpoenaed by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena is directed shall promptly give written notice, and include a copy of the subpoena to request, to the Disclosing Party. The person to whom the subpoena is directed shall not comply with the subpoena prior to the return date thereof. Nothing contained herein shall obligate any party or its counsel to contest or fail to comply with any such subpoena.

10.      If at any time a party objects to a designation of Discovery Materials as confidential under this Stipulation and Order, the objecting party shall notify the Disclosing Party in writing. The objecting party shall identify the information in question, and shall specify the reason or reasons for the objection. The Disclosing Party and objecting party shall meet-and-confer in an effort to resolve their differences. If the parties cannot resolve their disagreement, the Disclosing Party may apply within thirty calendar days from the date the parties met and conferred for a ruling on the Disclosing Party's designation of the Discovery Materials as confidential. While any such application is pending, the documents or material subject to that application will remain confidential until the court rules. If the Disclosing Party does not apply to the court for a ruling on its designation of Discovery Materials as confidential within the time period prescribed herein, the Discovery Materials will no longer be deemed confidential. The Disclosing Party shall have the burden of showing that the document or information is confidential under Rule 26(c) of the Federal Rules of Civil Procedure or this Stipulation and Order.

11.     The parties recognize that a substantial volume of documents may be produced in this action. In light of this fact, there shall be no waiver of any applicable privilege including but not limited to attorney-client as a result of the production of privileged Discovery Materials for which it asserts a claim of privilege, such party shall promptly notify in writing all parties to which such production has occurred and request return of the materials. In the event of a dispute relating to the inadvertent production of privileged Discovery Materials, either party may seek a ruling challenging the claim of privilege. Such application to the Court shall not reply upon or assert as a ground for entering such an Order the fact or circumstances of the inadvertent production. The materials shall be returned to the disclosing party or destroyed within ten days after entry of an Order finding that the materials which were inadvertently produced are subject to a claim of privilege.

12.     Nothing in this Order shall prevent the parties from using or disclosing their own documents or information.

13.     Upon written request, within ninety days after entry of an Order finally terminating this action, including all appeals, copies of all Confidential Discovery Materials shall either be destroyed, or at the option of the recipient, returned to the Disclosing Party, with no copies being retained by the person returning such materials. This paragraph shall not apply to pleadings, motions, briefs, supporting affidavits, attorney notes, transcripts, deposition or trial exhibits, or Court opinions and orders.

14.     This Stipulation and Order shall not be construed to affect in any way the admissibility of any documents, testimony or other evidence at trial or hearing of this action.

15.     In the event of a disclosure of Confidential Information to a person not authorized to have had such disclosure made to him or her under the provisions of this Order, the Party

STIPULATION AND AGREED CONFIDENTIALITY ORDER

responsible for having made such disclosure shall immediately procure the return of the material, and inform counsel for the Producing Party whose Confidential Information has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure. The responsible Party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the Confidential Information occurs.

16.     Any non-party producing Discovery Materials in these actions may be included in this Stipulation and Order by endorsing a copy of this Stipulation and Order and delivering it to the requesting party who, in turn, will file it with the Court and serve it upon counsel for the other parties. The parties to this action may designate Discovery Materials produced by a non-party in these actions as Confidential in accordance and consistent with the terms and provisions of this Stipulation and Order.

17.     In the event that additional persons become parties to these actions, such parties shall not have access to Confidential Discovery Materials produced by or obtained from any Disclosing party until the newly joined parties or their counsel confirm in writing to all other parties that they have read this Stipulation and Order and agree to be bound by its terms.

18.     This Stipulation and Order shall not prevent any party from applying to this Court for further or additional protective orders, for the modification of this Stipulation and Order, or from agreeing with the other parties to modify this Order, subject to approval of the Court.

19.     This Order is subject to modification by the Court.

Dated:  October 11, 2013.

By: 

    John B. Sullivan (Cal. State Bar No. 96742)
    Mark D. Lonergan (Cal. State Bar No. 143622)
    Erik Kemp (Cal. State Bar No. 246196)
    (*admitted pro hac vice*)
    **SEVERSON & WERSON**
    A Professional Corporation
    One Embarcadero Center, Suite 2600
    San Francisco, California 94111
    Telephone: (415) 398-3344
    Facsimile: (415) 956-0439
    jbs@severson.com
    mdl@severson.com
    ek@severson.com

Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006) and any other controlling authority. Nothing herein is intended to alter or modify the applicability of Federal Rule of Civil Procedure 5.2 to this case.  The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

    David S. Versfelt (DV 8935)
    **K&L GATES LLP**
    599 Lexington Avenue
    New York, NY 10022
    Phone: 212.536.3991
    Fax: 212.536.3901
    david.versfelt@klgates.com

    Attorneys for Defendants
    WALTER INVESTMENT MANAGEMENT CORPORATION; GREEN TREE SERVICING, LLC; and GREEN TREE INSURANCE AGENCY, INC.

SO ORDERED.
Dated: 10/11/13

RICHARD J. SULLIVAN
U.S.D.J.

Dated:  October 11, 2013.

By:

Kenneth G. Gilman (*admitted Pro Hac Vice*)
**GILMAN LAW LLP**
Beachway Professional Center Tower
8951 Bonita Beach Road, Suite 525-405
Bonita Springs, FL  34135
Telephone:  (239) 221-8301
Facsimile:  (239) 676-8224
E-mail:  kgilman@gilmanpastor.com

Attorneys for Plaintiffs
DARRELL A. PURIFOY and LYNDA C.
PURIFOY

**IT IS SO ORDERED**.

Dated this _____ day of _____, 2013

_____
UNITED STATES DISTRICT JUDGE
HONORABLE RICHARD J. SULLIVAN

STIPULATION AND AGREED CONFIDENTIALITY ORDER